1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9
10

11  PHYLLIS A. TAYLOR,                          CASE NO. 1:11-cv-00199-LJO-SKO

12                  Plaintiff,          **ORDER DISMISSING PLAINTIFF'S**
                                        **COMPLAINT WITH LEAVE TO AMEND**
13          v.

14  CENTRAL MORTGAGE COMPANY,

15                  Defendant.
    _____/
16

17          **I.   INTRODUCTION AND FACTUAL BACKGROUND**

18          On February 4, 2011, Plaintiff Phyllis A. Taylor ("Plaintiff"), proceeding pro se and in forma

19  pauperis, filed this action against Central Mortgage Company ("Defendant").  Plaintiff's complaint

20  states the following:

21          Plaintiff, PHYLLIS A. TAYLOR is an individual, [sic] and complaint against
            Defendant to produce original Promissory Note [sic] signed by Plaintiff on April 25,
22          2006[.] The acts alleged here between defendants CENTRAL MORTGAGE
            COMPANY including their [sic] authorized agents, and Plaintiff is requesting to
23          obtain original documents before going to trustee sale or foreclosure and for my own
            personal inspection.  The real property to which the contracts, obligations, duties,
24          breaches and alleged herein, State of California and in the County of Fresno is
            located at 3745 E. Holland Avenue, Fresno, California, 93726.
25

26  (Doc. 2.)

27

28

1    **II.   DISCUSSION**

2    **A.   Screening Requirement**

3         The Court is required to screen complaints brought by parties proceeding in forma pauperis.

4    28 U.S.C. § 1915(e)(2).   The Court must dismiss a complaint, or portion thereof, if it is legally

5    frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

6    relief from a defendant who is immune from such relief.  *Id*.   If the Court determines that the

7    complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of

8    the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en

9    banc).

10   **B.   Failure to State a Claim**

11        In determining whether a complaint fails to state a claim, the Court uses the same pleading

12   standard used under Federal Rule of Civil Procedure 8(a).   Under Rule 8(a), a complaint must

13   contain a "short and plain statement of the grounds for the court's jurisdiction . . ." and "a short and

14   plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2).

15   "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

16   demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v.*

17   *Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

18   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

19   is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).   "[A] complaint [that] pleads facts

20   that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility

21   and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).   Further, although

22   a court must accept as true all factual allegations contained in a complaint, a court need not accept

23   a plaintiff's legal conclusions as true.  *Id.*  "Threadbare recitals of the elements of a cause of action,

24   supported by mere conclusory statements, do not suffice."  *Id.*  (quoting *Twombly*, 550 U.S. at 555).

25   **C.   Jurisdiction of the Court**

26        The jurisdiction of the federal courts is limited to matters expressly provided in the

27   Constitution or through statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

28   (1994).  A federal court can exercise supplemental jurisdiction over state law claims, which would

1  ordinarily be outside federal authority, when those claims are logically related to federal claims

2  properly before the court. *Volt Info. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*,

3  489 U.S. 468, 484 (1989). In civil disputes, subject matter jurisdiction exists where (1) requirements

4  for diversity are met or (2) the complaint involves a claim arising under federal law. 28 U.S.C.

5  §§ 1332, 1331.

6       **1.       Diversity Jurisdiction**

7       Diversity jurisdiction exists in civil disputes between citizens of different states where the

8  amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a)-(a)(1).

9  Plaintiff does not make a monetary demand; she requests inspection of documents related to her

10  mortgage with Central Mortgage Company. Therefore, the amount in controversy is not pled to meet

11  the threshold for diversity jurisdiction.

12       Additionally, Plaintiff has not pled sufficient facts to indicate that there is complete diversity

13  between Plaintiff and Central Mortgage Company, i.e., that they are residents of different states.

14  "Individuals are citizens of their state of domicile." *Munoz v. Small Bus. Admin.*, 644 F.2d 1361,

15  1365 (9th Cir. 1981). "A person's domicile is [his/]her permanent home, where [he/]she resides with

16  the intention to remain or to which [he/]she intends to return." *Kanter v. Warner-Lambert Co.*, 265

17  F.3d 853, 857 (9th Cir. 2001). "[A] corporation shall be deemed to be a citizen of any State by

18  which it has been incorporated and of the State where it has its principal place of business . . . ." 28

19  U.S.C. §1332(c)(1). Plaintiff has not alleged her citizenship. Further, Plaintiff has failed to indicate

20  Central Mortgage Company's state of incorporation, and its principal place of business. Without this

21  information, Plaintiff has not established that the Court has diversity subject matter jurisdiction over

22  this action.

23       **2.       Federal Question Jurisdiction**

24       Alternatively, Plaintiff can establish subject matter jurisdiction by showing the existence of

25  a federal question. The "well-pleaded complaint rule" states that a Plaintiff must properly plead a

26  federal question to obtain federal jurisdiction on that basis. *See California ex rel. Lockyer v. Dynegy*,

27  *Inc.*, 375 F.3d 831, 838 (9th Cir. 1994). "The federal issue must be disclosed upon the face of the

28  complaint . . . ." *Id.* (quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109 (1936)).

Plaintiff appears to be asserting a contract action arising under state law.  Contract actions under state law do not generally implicate federal law.  Plaintiff has not articulated any federal statute or law under which her claim arises.  Therefore, the complaint is insufficient to establish that the Court has subject matter jurisdiction over this action on the basis of a federal question.

**D.    Cognizable Claim**

Plaintiff's complaint does not clearly set forth the nature of the cause of action asserted. Generally, issues related to mortgages and deeds of trust are governed by state law contract principles.  To the extent that Plaintiff is asserting that she has a contract right to a particular foreclosure process contained in her deed of trust, she must clearly state how Central Mortgage Company has breached any such contractual duty.

Also, as explained above, for a state law contract action to be justiciable in federal court, Plaintiff must establish that there is diversity such that the Court may exercise subject matter jurisdiction over this action.  Alternatively, Plaintiff must identify what federal statute or law entitles her to the relief she seeks.

**E.    Amended Complaint Must Be Complete in Itself Without Reference to Any Prior Pleading**

Plaintiff's complaint fails to assert facts which could establish diversity of citizenship.  The complaint also does not state a claim arising under federal law.  Therefore, there is no basis for the Court to exercise subject matter jurisdiction over this action.

Plaintiff will be given an opportunity to amend the deficiencies of the complaint as outlined above.  Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

///

///

1

### III.    CONCLUSION

2

Accordingly, Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff

3  SHALL file an amended complaint within thirty (30) days of the date of service of this order.  If

4  Plaintiff fails to cure the deficiencies noted above or fails to amend the complaint within 30 days,

5  the Court will recommend that the entire action be dismissed with prejudice.

6

7  IT IS SO ORDERED.

8  **Dated:    February 10, 2011**                                **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28